### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ERNIE JOE FIELDS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CIV-02-1392-R |
| | ) |
| **CORRECTIONS CORPORATION** | ) |
| **OF AMERICA,    et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### ORDER

This matter comes before the Court on the Second Motion for Summary Judgment, filed by the Defendants Bradley and Hightower pursuant to Federal Rule of Civil Procedure 56. Despite numerous extensions of time from the Court, Plaintiff failed to respond in opposition to the motion. For the reasons set forth herein, the motion is hereby granted.

In the second motion for summary judgment the remaining Defendants argue that Plaintiff's two remaining claims are unexhausted and they are entitled to summary judgment. Defendants note that Plaintiff attempted to appeal the two disciplinary convictions that he alleges violated his civil rights, but that he failed to follow the appropriate procedures and thus his appeals were not considered on their merits. Specifically, with regard to the May 2000 disciplinary conviction, Defendant Bradley argues that the disciplinary conviction was not appealed by Plaintiff until July 14, 2000, at which time the appeal was denied as untimely. The subsequent appeal to the Department of Corrections' Directors Designee was denied on July 25, 2000, again because Plaintiff had failed to follow the requisite appeal

procedures. With regard to the October disciplinary conviction, Defendants Bradley and Hightower note that although Plaintiff attempted an appeal, it was untimely and thus denied by Department of Corrections' officials.

The Prison Litigation Reform Act amended 42 U.S.C. § 1997e(a) to require a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir.2003). Section "1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Id.* at 524 (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)). The Supreme Court has stated: "[W]e stress the point ... that we will not read futility or other exceptions into [the PLRA's] statutory exhaustion requirement." *Booth*, 532 U.S. at 741, n. 6. "In *Booth*, the Supreme Court explained that one of the purposes of the exhaustion requirement is to force an inmate to go through the administrative process which in turn might afford prison officials the opportunity to take some corrective action that would preclude litigation." *Beaudry*, 331 F.3d at 1167. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir .2002)

The undisputed facts of this case establish that Plaintiff failed to follow the necessary steps to appeal either of his disciplinary convictions. As such, Plaintiff cannot proceed under 42 U.S.C. § 1983, because the PLRA precludes him from doing so. Accordingly, the Defendants' motion for summary judgment is GRANTED, and judgment shall be entered in favor of the Defendants on Plaintiffs' claims.

IT IS SO ORDERED this 2nd day of April 2008.

*David L. Russell*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE